IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:99cr086 |
| vs. | : | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| JACK CLARK, | : | |
| Defendant. | : | |

* * * * * ** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JACK CLARK, | : | |
| Petitioner, | : | Case No. 3:10cv261 |
| vs. | : | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

# REPORT and RECOMMENDATIONS[1]

This matter is before the Court on Defendant/Petitioner Jack Clark's *pro se* motions for re-sentencing and appointment of counsel (Doc. #1171), and for production of documents to assist in preparation of a motion under 28 U.S.C. §

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

2255.  (Doc. #1175).  Also before the Court are Plaintiff/Respondent United States of America's ["the United States"] memoranda in response to both motions (Doc. ##1176, 1178); Defendant/Petitioner Clark's reply (Doc. #1177); and the record as a whole.

**Factual and Procedural Background/The Parties' Claims**

In November 2002, Defendant Clark was convicted in this Court of six offenses, including a count of conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine; a count of possession with intent to distribute 7 kilograms of cocaine; and a count of use of a firearm in a drug trafficking crime.  (Doc. #777).  Because the Court found that Clark discharged a weapon during and in relation to that drug trafficking crime (*see* Doc. #1040), the firearm count carried a mandatory minimum penalty of 10 years imprisonment. 18 U.S.C. § 924(c)(1)(A)(iii).  In May 2005, Clark was sentenced to 480 months in prison.  (Doc. #1041).  Clark's conviction and sentence were affirmed in their entirety on appeal.  *United States v. Clark*, 319 F. App'x 395 (6th Cir.), *cert. denied*, ___ U.S. ___, 130 S. Ct. 345 (2009).

On July 1, 2010, under his criminal case number (3:99cr00086), Clark filed the current *pro se* motion "for resentencing and for the court to apoint [sic] me an attorney to do my 2255 in light of U.S. v. Lee Almany."  (Doc. #1171).  That

motion was construed and docketed as a Motion to Vacate under 28 U.S.C. § 2255. (*See id.*). Accordingly, a civil case was opened (*see* Case No. 3:10cv00261), and this Court directed the United States to "file an answer . . . conforming to the requirements of Rule 4 of the Rules Governing §2255 Cases." (Doc. #1172).

On July 28, 2010, Clark filed a second *pro se* motion, this time asking the Court to order the Clerk of Courts and Clark's appellate counsel to provide Clark with copies of enumerated materials purported to be "needed . . . so [Clark] can file his 2255 motion." (Doc. #1175 at 1). That filing also stated that Clark's motion under 28 U.S.C. § 2255 "has to be filed by October 5, 2010."[2]

On August 23, 2010, the United States filed its answer to Clark's first motion, urging that *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), *petition for cert. filed*, 78 U.S.L.W. 3745 (U.S. June 8, 2010) – the decision on which Clark's motion relies – does not apply in the circumstances of his case. (Doc. #1178 at 1-3). The United States further argues that Clark procedurally defaulted any potential claim relative to his mandatory minimum sentence by not raising that issue on his direct appeal, and that he is not entitled to appointed counsel for purposes of an action under Section 2255. (*Id.* at 3-4). Accordingly, the United

---

[2]The Supreme Court's decision denying Clark's petition for a writ of certiori as to his direct appeal was issued on October 5, 2009. *Clark v. United States*, ___ U.S. ___, 130 S. Ct. 345 (2009).

States asserts that Clark's motion (Doc. #1171) should be denied in its entirety.

In his reply filed on August 30, 2010, Clark asserts that he "never filed [his] motion under 28 U.S.C. § 2255" (Doc. #1177 at 1), and concludes by stating that "if this Court feels my [*Almany*] motion was filed under 28 U.S.C. § 2255[,] I want to drop the motion and have my attorney file it right." (*Id.* at 2).

On August 31, 2010, the United States filed a response addressing both Clark's motion for discovery and his reply's indication that Clark wished to "drop" his prior motion. (Doc. #1178). In light of Clark's request, the United States urges that Clark's *Almany* motion should be dismissed, and that his discovery motion should be denied as pre-mature. (*Id.* 2-3).

## Analysis

Prisoners in custody pursuant to a sentence imposed by a federal court are afforded an avenue for challenging that sentence under the provisions of 28 U.S.C. § 2255. As the Sixth Circuit has recognized, district courts "often re-characterize" the "inartfully drafted post-conviction motions" of *pro se* prisoners as Section 2255 motions, "both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002) (citation omitted).

"An unintended byproduct of this practice, however, is that it may

effectively deprive an uninformed *pro se* litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* To avoid that unintended consequence, the appellate court for this Circuit has held as follows:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.* at 622 (quoting *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir. 1998)).

In this matter, Clark's motion "for resentencing" in light of the decision in *Almany* (Doc. #1171) was re-characterized by this Court as one made under Section 2255, given the nature of the relief Clark seeks. Nevertheless, as Clark's reply makes clear that he would rather "drop the motion and have my attorney file it right" (Doc. #1177 at 2) than bear the possible consequences of that motion's re-characterization as a Section 2255 motion, the Court will heed Clark's expressed desire to withdraw that motion. *See In re Shelton,* 295 F.3d at 622.

In the same motion, Clark also requested that the Court appoint counsel to assist him in preparing a Section 2255 motion. (Doc. #1171). As the United States

aptly notes, however, the Supreme Court "ha[s] never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Ritchie v. Eberhart*, 11 F.3d 587, 591-92 (6th Cir. 1993), *cert. denied*, 510 U.S. 1135 (1994). Absent some showing of a particularized need for counsel, this Court declines to appoint an attorney to represent Clark in post-conviction collateral proceedings.

Additionally, a federal prisoner who has no pending action has no right to discovery relative to a Section 2255 claim. *See Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 120 F.3d 927, 928 (9th Cir. 1997); *United States v. Horvath*, 157 F.3d 131, 132 (2nd Cir. 1998). Clark's voluntary withdrawal of his re-characterized Section 2255 action thus renders moot his discovery request. (*See* Doc. #1175).

IT THEREFORE IS **RECOMMENDED** that:

1) Defendant/Petitioner Jack Clark's motion for resentencing (Doc. #1171) be DISMISSED without prejudice as voluntarily withdrawn;

2) Defendant/Petitioner's motion for appointment of counsel (Doc. #1171) be DENIED;

3) Defendant/Petitioner's motion for discovery (Doc. #1175) be DENIED as moot; and

4) This case be TERMINATED on the docket of this Court.

September 9, 2010                              s/ Sharon L. Ovington
                                                                Sharon M. Ovington
                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).