# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :        Case No. 3:99-cr-086
                                      Also 3:10-cv-406

                                      District Judge Walter Herbert Rice
      -vs-                              Magistrate Judge Michael R. Merz
                             :

JACK L. CLARK,

       Defendant.

---

## RECUSAL ORDER

---

This case is before the Court on Defendant Jack Clark's *Pro Se* Motion to Recuse (Doc. No. 1224).

Because Clark's Motion is not supported by an affidavit as required under 28 U.S.C. § 144 and does not claim any of the specific disqualifying facts set forth in 28 U.S.C. § 455(b), the Court analyzes it under 28 U.S.C. § 455(a) which reads "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Motions to recuse under §455 are to be decided in the first instance by the judicial officer sought to be disqualified. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is

1

not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Where the question is close, the judge must recuse himself. *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir. 1980).

Clark's pending § 2255 Motion principally argues he received ineffective assistance of appellate counsel. While Clark was awaiting trial, some 811 pages of written material were seized from his cell and eventually reviewed by the FBI case agent for this criminal case. Clark sought to have the case dismissed or at least the prosecutor and FBI case agent disqualified on the basis of that seizure. Having reviewed the seized material *in camera*, Judge Rice denied the motion and this denial was upheld on appeal. Clark has asserted through his § 2255 counsel that his direct appeal counsel was ineffective in the way he presented this argument to the Court of Appeals and particularly in that he did not evince familiarity with the seized material. Lengthy factual extracts from the materials are quoted in the Motion (Doc. No. 1187, PageID 4576-4595) and some, but not all, of the materials are attached to the Motion.

Any judicial officer who decides Clark's § 2255 Motion will have to review the seized material in detail because Clark's ineffective assistance of appellate counsel claim requires him to prove that if appellate counsel had more carefully and thoroughly presented that material to the Sixth Circuit, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to overcome confidence in the outcome." *Id.*

I had not seen any of the 811 pages of seized material before Clark filed his Motion to Recuse, but had I continued with this case and reviewed that material, which will be necessary to decide the case, I would inevitably have seen Clark's notes alleging my "involvement" with Bill Stepp[1]. Furthermore, even a cursory glance at some of the seized pages shows that they are Clark's notes about the evidence in his case and how to defend it.[2] Clark explains the relevance[3] of the alleged Stepp connection in his Motion to Recuse:

> Judge Merz sined [sic] for these warrants. Judge, it's always been alleged that Bill Step [sic] got this investigation started on me. It's facts that some of his guys got my investigation started.

(Motion to Recuse, Doc. No. 1224, PageID 4907-4908.) Although I have been unable to view the search warrant files in question to confirm this fact, it is probable that I did issue any federal search warrants issued in this case since I was the only United States Magistrate Judge assigned to the Dayton location of court before October, 2002. Bill Stepp is referred to in the § 2255 Motion as "a major organized crime figure in Dayton, Ohio." (§ 2255 Motion, Doc. No. 1187, PageID 4585.) At other points in his argument in this case, Clark has asserted that the search warrants were issued without probable cause and were used as an instrument to compel cooperation of witnesses against him or at least to silence witnesses who would have testified in his favor. Thus the clear implication of Clark's notes is that my issuance of the search warrants was corruptly influenced. A reasonable person knowing Clark had made that (untrue) accusation against me might reasonably expect it

---

[1] Both the Motion to Vacate and the Motion to Recuse refer to "Bill Step." In reporting his death in December, 2008, the Dayton Daily News spelled his last name "Stepp," and that was the common usage in the Dayton newspapers. The story of his death gives his full name as "William Elias 'Bill' Stepp" and it was under that name that he was indicted in this Court. *United States v. Stepp*, Case No. 3:87-cr-018.

[2] Judge Rice and the Court of Appeals have already determined that the Government obtained no advantage from seeing the seized material and this Order should not be read to cast any doubt on that conclusion.

[3] The Motion to Recuse also references Clark's note about my alleged sexual preferences, but does not explain the relevance of that supposed information to his defense.

would bias me against him.

Clark disclaims any current belief in the truth of these allegations: "Mr. Merz, it's been 12 year since I wrote these notes and for the record I have grown to believe that they are not true." (Motion to Recuse, Doc. No. 1224, PageID 4908.)  Whether or not Clark believes these allegations now, he essentially reaffirms in the Motion to Recuse that he did believe them when he wrote them in his jail notes.  I cannot be a judge in a case in which the principal defendant has openly accused me of cooperating with "a major organized crime figure" in his prosecution.

Because I only learned of these accusations when Clark filed his Motion to Recuse, none of my prior decisions in this matter are tainted by the imputation of bias arising from my present knowledge of the accusations.

The Motion to Recuse is granted.  The Clerk is ordered to randomly re-assign the reference in this case to one of the other two Magistrate Judges at the Dayton location of court.  The newly-assigned Magistrate Judge will need to set a date for Clark to file his reply/traverse (See Order, Doc. No. 1221, PageID 4902.)

October 1, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge