IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:99-cr-86 |
| | | (Civil Case No. 3:10-cv-406) |
| Plaintiff, | | |
| | : | |
| vs. | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| JACK CLARK, | | |
| | | |
| Defendant. | : | |

_____

## REPORT AND RECOMMENDATION[1]
_____

Now before the Court are two *pro se* post-judgment motions filed by Defendant Jack Clark.

## I.

First, Defendant requests that the Court correct his own citation error in his Rule 59(e) motion for relief (doc. 1261) -- *i.e.*, he claims he cited the wrong document number for his motion for leave to supplement.  Doc. 1272.  Defendant apparently asks the Court to review a *pro se* motion he filed on August 18, 2011 (doc. 1214) -- a motion which was subsequently stricken because he was represented by counsel at that time -- in ruling on his Rule 59(e) motion.  The Court has already denied Defendant's Rule 59(e) motion, however.  *See* doc. 1269.  Further, his motion to supplement filed on August 18, 2011 contains the same arguments he raised in his Supplemental Brief (doc. 1235) and Reply Brief (doc. 1239).  The Court has already considered those arguments, and they did not alter the Court's original decision to overrule Defendant's Motion to Vacate Sentence (doc. 1259).  *See* docs. 1263, 1269, 1271.  The Court therefore **RECOMMENDS** that Defendant's motion to correct his error in his motion (doc. 1272) be **DENIED AS MOOT**.

_____

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## II.

Second, Defendant requests an extension of time to file a notice of appeal of the Court's February 25, 2013 Decision and Entry denying his motion to alter/amend judgment under Rule 59(e) (doc. 1269). *See* doc. 1273. However, no extension of time is necessary. Defendant mistakenly believes that he must file an appeal within thirty days after the Order appealed from is entered. When the United States is a party, though, the time period to file an appeal is sixty days. Fed. R. Civ. P. 4(a)(1)(B). Accordingly, as Defendant's motion -- with an attached notice of appeal -- was filed on April 8, 2013, within that sixty-day period, the Court should deem his notice of appeal timely filed. The Court therefore **RECOMMENDS** that Defendant's motion for an extension of time (doc. 1273) be **DENIED**; and his attached Notice of Appeal (doc. 1273-3) be accepted as timely filed on April 8, 2013.

Finally, the Court notes that Defendant has been denied certificates of appealability with respect to the denial of his § 2255 motion to vacate sentence and also the denial of his Rule 59(e) motion.[2] *See* doc. 1259, 1269. When a certificate of appealability is denied, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *See* Rule 11(a), Rules Governing § 2255 Proceedings. Accordingly, Defendant's notice of appeal should be construed as a request to the Sixth Circuit to issue a certificate of appealability. *See* Fed. R. App. P. 22(b)(2).

**IT IS THEREFORE RECOMMENDED THAT:**

1.    Defendant's *pro se* post-judgment motion "to correct a clear error in Defendant Clark's motion to alter/amend judgment under Fed. R. Civ. P. 59(e)" (doc. 1272) **BE DENIED AS MOOT**;

---

[2] A certificate of appealability is required for a *habeas* petitioner to appeal the denial of a Rule 59(e) motion. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (acknowledging that a certificate of appealability was granted with respect to the *habeas* petitioner's Rule 59(e) motion); *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 U.S. Dist. LEXIS 40215, at *12-13, 2013 WL 1195542, at *4 (N.D. Ohio Mar. 22, 2013). *Cf. United States v. Hardin*, 481 F.3d 924, 925-26 (6th Cir. 2007) (holding that a certificate of appealability is required for a § 2255 *habeas* petitioner to appeal the denial of his Rule 60(b) motion).

2.     Defendant's *pro se* post-judgment motion "to reopen time to file attached notice of appeal pursuant to Fed. R. App. P. 4(b)(6)" (doc. 1273) be **DENIED**;

3.     The Court accept Defendant's Notice of Appeal as timely filed on April 8, 2013;

4.     The Clerk docket Document 1273-3 as Defendant Jack Clark's "Notice of Appeal";

5.     The Court reiterate that Defendant is **DENIED** certificates to appeal the denial of his § 2255 motion to vacate sentence and also the denial of his Rule 59(e) motion; and

6.     As no further matters remain pending for review, and the merits of Defendant's claims (and all related Certificates of Appealability) having been decided adverse to Defendant, this case be deemed **CLOSED**.

May 21, 2013                                    s/ **Michael J. Newman**
                                        United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).